IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA – CENTRAL DIVISION

| | |
|---|---|
| XAVIER M. MARX,<br>(Plaintiff),<br><br>Vs.<br><br>ADAM YETMAR, WARDEN (NCF); LARRY LIPSCOMB, (ASSOCIATE WARDEN) (NCF); JOHN MAYS, (UNIT MANAGER) (NCF); DALE HIGGINS, (UNIT MANAGER) (NCF); Dr. JOHNATHAN WHITFIELD (CHAPLIAN), (NCF); Dr. BENJAMINE BELL (CHAPLAIN), (NCF); ASHLEY SWANK, (DIETARY SUPERVISOR) (NCF); BRIAN PFEIFER, (ACTIVITIES SPECIALIST) (NCF); KEN PIRC, (OFFENDER SERVICES) (IDOC); KATRINA CARTER (ASSISTANT DEPUTY DIRECTOR) (IDOC); JONI WELLS, (IDOC STATE DIATICIAN) (IMCC); BRAD HEIR; (ASSOCIATE WARDEN) (NCF);<br>In their individual and official capacities; and Dr. BETH SKINNER, (DIRECTOR, IOWA DEPARTMENT OF CORRECTIONS); ARIANA DENHARTOG (EXECITIVE OFFICER) (IDOC); ABIGAIL WILLIAMS (EXECITIVE OFFICER) (IDOC), in their official capacities. (Defendants). | Case No._____<br><br>RECEIVED<br>OCT 07 2024<br>CLERK U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF IOWA<br><br>COMPLAINT AND JURY DEMAND |

**COMES NOW,** the plaintiff, Xavier M. Marx, who presents the following cause of action, jury demand, and requested relief:

## I.   INTRODUCTION

1. Plaintiff Xavier M. Marx, is currently incarcerated within the Iowa Department of Corrections at the Newton Correctional Facility. From roughly 2022 to present, the plaintiff had undergone violations of his First Amendment concerning his religious practice and religious diet by defendants.

2. Plaintiff has been subjected to reckless deliberate indifference to his religious diet, needs, and retaliation for seeking redress of those issues in variety by defendants over the course of two-years with no remedy.

## II.   PARTIES

### A. PLAINTIFF

3. The plaintiff is Xavier Marx (Marx), and he is currently incarcerated within the Iowa Department of Corrections (IDOC) at the Newton Correctional Facility (NCF). Marx is believed to be a citizen of Iowa and has a mailing address of: **P.O. Box 218 in Newton, Iowa 50208.**

## B. DEFENDANTS

4. Defendant Larry Lipscomb (Lipscomb), is an "Associate Warden" employed by the IDOC at NCF. Lipscomb is believed to be a citizen of Iowa, with a work-address of **307 S. 60th Avenue W. in Newton, Iowa 50208.**

5. Defendant John Mays (Mays), is a "Unit Manager" employed by the IDOC at NCF. Mays is believed to be a citizen of Iowa, with a work-address of **307 S. 60th Avenue W. in Newton, Iowa 50208.**

6. Defendant Dale Higgins (Higgins), is a "Unit Manager" employed by the IDOC at NCF. Higgins is believed to be a citizen of Iowa, with a work-address of **307 S. 60th Avenue W. in Newton, Iowa 50208.**

7. Defendant Ashley Swank (Swank), is a "Dietary Supervisor" employed by the IDOC at NCF. Swank is believed to be a citizen of Iowa, with a work-address of **307 S. 60th Avenue W. in Newton, Iowa 50208.**

8. Defendant Brian Pfeifer (Pfeifer), is an "Activities Specialist" employed by the IDOC at NCF. Pfeifer is believed to be a citizen of Iowa, with a work-address of **307 S. 60th Avenue W. in Newton, Iowa 50208.**

9. Defendant Ken Pirc (Pirc), is an "Coordinator" employed by the IDOC at IMCC. Pirc is believed to be a citizen of Iowa, with a work-address of **2700 Coral Ridge Avenue Coralville, Iowa 52241.**

10. Defendant Katrina Carter (Carter) is the "Assistant Deputy Director" of the Iowa Department of Corrections employed by the Iowa Department of Corrections, at the Central Office. Carter is believed to be a citizen of Iowa, with a work-address of **510 East 12th Street in Des Moines, Iowa 50319.**

11. Defendant Adam Yetmar (Yetmar), is the "Senior Warden" employed by the IDOC at NCF. Yetmar is believed to be a citizen of Iowa, with a work-address of **307 S. 60th Avenue W. in Newton, Iowa 50208.**

12. Defendant Ariana DenHartog (DenHartog), is an "Executive Officer" employed by the IDOC at the Central Office. DenHartog is believed to be a citizen of Iowa, with a work-address of **510 East 12th Street in Des Moines, Iowa 50319.**

13. Defendant Abigail Williams (Williams), is an "Executive Officer" employed by the IDOC at the Central Office. Williams is believed to be a citizen of Iowa, with a work-address of **510 East 12th Street in Des Moines, Iowa 50319.**

14. Defendant Dr. Beth Skinner (Skinner) is the "Director" of the Iowa Department of Corrections employed by the Iowa Department of Corrections and appointed by Governor Kim Reynolds, (Skinner) is believed to be a citizen of Iowa, with a work address of **510 East 12th Street in Des Moines, Iowa 50319**

15. Defendant Brad Heir (Heir) is an "Associate Warden" employed by the IDOC at NCF. Heir is believed to be a citizen of Iowa, with a work-address of **307 S. 60th Avenue W. in Newton, Iowa 50208.**

16. Defendant Dr. Benjamin Bell (Bell) is a "Chaplain" employed by the IDOC at NCF. Bell is believed to be a citizen of Iowa, with a work-address of **307 S. 60th Avenue W. in Newton, Iowa 50208.**

17. Defendant Dr. Johnathan Whitfield (Whitfield) is a "Chaplain" employed by the IDOC at NCF. Whitfield is believed to be a citizen of Iowa, with a work-address of **307 S. 60th Avenue W. in Newton, Iowa 50208.**

18. Defendant Joni Wells (Wells) is the IDOC "State Dietician" employed by the IDOC at IMCC. Wells is believed to be a citizen of Iowa, with a work-address of **2700 Coral Ridge Avenue Coralville, Iowa 52241.**

### III.   JURISDICTION & VENUE

19. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §§1343(a)(3).

20. All claims arising within this complaint occurred in the Southern District of Iowa, therefore venue is proper under 28 U.S.C. §1391(b)(2).

21. All claims are brought pursuant to 42 U.S.C. §1983.

## IV.   FACTUAL BACKGROUND

22. The plaintiff for some years, has been a devout practicing "Buddhist-Priest," in the Mahāyāna Buddhist faith; where he seeks enlightenment, structure of his life, and engages in a respective diet, religious practices, and teachings even within the prison.

23. While incarcerated at the Newton Correctional Facility (hereinafter "NCF") within the purview of the Iowa Department of Corrections (hereinafter "IDOC"), the plaintiff has been met with extreme resistance and willful deliberate indifference by a multitude of IDOC defendants acting under color of state law (collectively "defendants"), regarding the ability to express his religious beliefs more specifically his "religious diet".

24. In roughly around June of 2022, plaintiff made contact initially, with Dr. Johnathan Whitfield who is a Chaplain at NCF. Plaintiff met with him regarding the failure of NCF dietary to provide a "Buddhist religious diet" regarding plaintiff's particular and structured religious beliefs in the Mahāyāna Buddhist faith.

25. Defendant Whitfield instructed the plaintiff to file the proper forms to defendant Ken Pirc via-Defendant Larry Lipscomb. Defendant and second NCF Chaplain Dr. Bell, was also a participating party within this time where he gave additional instruction to the plaintiff on how to proceed, as well as assists in the State of Iowa's religious activities committee, yet failed to properly provide remedy for the constitutional violations of the plaintiff he had direct knowledge of.

26. Within that time, a multitude of defendant's (Higgins), (Swank), (Mays), (Heir), (Lipscomb), (Pirc), (Carter), and (Wells), failed to respond properly to any communication sent by the plaintiff regarding his specific religious diet, not limited to defendant's (Bell) and (Whitfield) who again, provided no remedy.

27. Defendant Ashley Swank is the supervisor over dietary at NCF and stated she "didn't have to provide 'any kind of religious diet without a court order.'"

28. Within two-years, the plaintiff had sought several validating sources for his religious diet from the Mahāyāna Buddhist faith; not limited to Dr. Douglas Cheolsoeng Gentile, (Guiding teacher, Ames Mahasangha; Psychology Ph.D., Iowa State University).

29. Within two-years, several religious diet request went out to defendant (Pirc), (Carter), and (Wells) that went literally unanswered. Plaintiff sought redress after providing detailed information to all defendants, including Iowa's State Dietician and defendant Joni Wells.

30. Defendant's (Higgins), (Mays), (Heir), (Yetmar), (Lipscomb), (Swank), (Bell), (Whitfield), (Wells), (DenHartog), (Williams), (Carter), and (Pirc), *inter alia*, all failed to act, respond, or provide any remedy in two-years roughly, failing even to attempt to remedy or provide appropriate means for the plaintiff's religious diet.

31. Defendant (Swank), and a member of NCF medical, made similar statements to the plaintiff; stating the plaintiff "had money on his books to supplement his dietary needs."

32. Defendants have a history of failing to remedy issues delineating these issues *inter alia,* and turning a blind eye being recklessly deliberately indifferent to issues such as with the plaintiff, blatantly violating his and other's at NCF's Constitutional rights with impunity.

33. The plaintiff had sought redress which defendant's failed to respond to and additionally failed to remedy. Willfully impeding the plaintiff's right to freedom of expression.

34. Plaintiff has been called a "squeaky wheel" by several NCF supervisors and staff for attempting to receive clarification and seeking redress on his religious diet issues.

35. Defendant Brian Pfeifer, sought out plaintiff Marx to retaliate against him for performing and participating in his religious practice and boldly attempted to impede his grievance process by seeking disciplinary action against him.

36. Defendant (Pfiefer) has a history of relentlessly seeking out offenders who are "whistle blowers" on the administration and staff's inaction(s) in attempts to "sabotage them," weaponizing the disciplinary process against inmate's such as the plaintiff.

37. Defendant's collude, "talk" and "point out" inmates who "cry about things" in stark attempts to stop them from seeking redress or receiving any real remedy.

38. Defendants have wanton and willfully "ignored" the plaintiff's exhaustive plethora of information from a variety of substantiated professionals, resources, and studies in his Mahāyāna Buddhist faith, only to be brushed off as the defendants recklessly disregard his attempts to express his religion.

39. The defendants recklessly and intentionally interfere with plaintiff Marx's religious diet as it is a significant part of expressing his beliefs in the Mahāyāna Buddhist faith, which the defendants blatantly deny.

40. The plaintiff has been ordained as a "priest" within his religion of Mahāyāna Buddhism, and is a practicing teacher and priest, teaching others in his religious group each week at the prison (NCF).

41. Defendant's (Swank), (Higgins), (Mays), (Heir), (Lipscomb), (Wells), (Bell), (Whitfield), (DenHartog), (Williams), (Pirc), (Carter), and (Yetmar), all fail their duty to act, provide remedy, or redress any issues, the grievance process operating as a literal "dead-end" at NCF and the IDOC.

42. These defendant's fail to train, supervise, adopt, recognize, or understand true religions, their religious beliefs not limited to diets in expressing their views willfully and recklessly.

43. Defendant Dr. Beth Skinner is the "Director" of the IDOC and fails to train her employees and supervisors state-wide regarding issues such as these, being recklessly deliberately indifferent to the religious practices, beliefs and/or diets of the population for the entire Iowa Department of Corrections.

44. Defendant Skinner, fails to adapt and adopt "proper and appropriate" means in the state's grievance process to develop and train her employees such as the aforementioned defendants, so they may understand how to deal with constitutional issues, and issues in variety to avoid violations of constitutional rights of inmates subjecting the State of Iowa to substantial liability.

45. Defendant Skinner's failure to act, train and supervise her employees properly assess and administrate her subordinates and the facilities she has direction over creates constitutional violations such as with plaintiff.

46. Furthermore, defendant Skinner is engaged in litigation regarding similar allegations. Proving a reckless and deliberate "failure to train and supervise" within the Iowa Department of Corrections since her appointment.

47. Defendant (DenHartog) and (Williams), fail to properly provide any real remedy operating the State of Iowa's (DOC) grievance process and procedure as a "dead-end" providing literally no—resolution for inmates' grievances. Defendants (Williams), (DenHartog), (Higgins), (Heir), (Yetmar), (Lipscomb), (Swank), (Mays) and (Yetmar) are all supervisors within the IDOC and are improperly trained which leads to numerous violations of a constitutional nature due to their negligence and deliberate indifference.

48. The aforementioned defendants in-variety, in over two-years' time, have failed to make any real attempt to provide adequate or alternative means for the plaintiff regarding his religious diet in a reckless, evil-intended attempt to thwart the plaintiff's right to express, act, and participate fully in his religious beliefs.

49. The plaintiff has positively utilized every appropriate course of action, application, grievance available to him by the defendants, only to be met by deliberate indifference and/or blatant denial for approval of his religious diet.

50. Defendants, willfully and recklessly disregard the *stare decisis* rulings and case law concerning matters in variety, but specifically to issues delineated with the plaintiff, which shows a pattern of actions or rather inaction by defendants in variety.

## V.   CAUSE OF ACTION

### A. CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. §1983; THE DEFENDANTS VIOLATED THE PLAINTIFF'S FIRST AMENDMENT RIGHT FOR FREEDOM OF RELIGION

51. Marx repleads the preceding paragraphs as is fully set forth herein.

52. Marx was attempting to exercise a constitutionally protected-activity by expressing his religious views, diet and expression through those means.

53. Marx followed all policies regarding the proper avenue for the Iowa Statewide Dietary process to be recognized and have his diet properly applied to him by NCF dietary.

54. The defendant's at NCF (Higgins), (Swank), (Heir), (Higgins), (Yetmar), (Lipscomb), failed to properly remedy, make accommodation and blatantly violated the plaintiff's First Amendment Right of Religious Expression.

## B. CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. §1983; THE DEFENDANTS ENGAGED IN CIVIL CONSPIRACY TO VIOLATE THE PLAINTIF'S FIRST AMENDMENT RIGTH TO SEEK AND OBTAIN REDRESS

55. The Defendants have willfully and recklessly colluded in depriving the plaintiff his right to express his religious views and diet by failing to act, respond or provide remedy.

56. The defendants collectively had direct and imputed knowledge of the requests made by the plaintiff in the grievance process and intentionally, willfully and recklessly disregarded any attempt to fix the issue citing "the budget doesn't allow it, and there are 'not enough people' to facilitate your request."

57. All aforementioned defendant's spoke via e-mail and/or phone communication regarding the subject matter of this litigation in variety as was told to him by some of the NCF defendants.

## C. CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. §1983; FIRST AMENDMENT VIOLATION; THE DEFENDANTS RETALIATED AGAINST THE PLAINTIFF FOR SEEKING REDRESS

58. All the aforementioned defendants have retaliated by failing to act, intervene, provide remedy, or respond to requests by the plaintiff, being deliberately indifferent to the plaintiff's right to freedom of expression under the First Amendment of the United States Constitution.

59. Defendant (Pfeifer) deliberately and with evil-intent sought the plaintiff out in his religious group while practicing, to seek any means to "sabotage" him and his means to seek remedy for his issues in variety.

60. Defendants have willfully retaliated by not providing remedy for plaintiff's religious diet due to them feeling the diet is unnecessary and there are "not enough" members, not limited to budget cuts.

## VI.   OTHER INFORMATION

61. Marx has exhausted all administrative remedies at his disposal within the Iowa Department of Corrections.

62. There are no pending actions relating to the matters raised herein this complaint, nor any other facts that would preclude Marx from proceeding.

## VII. RELIEF REQUESTED

63. Marx respectfully requests that this Court grant compensatory, punitive, nominal and any other monetary relief allowed by law for the injuries raised in this complaint, in an amount deemed just and reasonable by a jury.

64. Marx requests Prospective Injunctive Relief against the defendants ordering they adopt the proper Mahāyāna Buddhist diet incorporating that to all IDOC facilities. Marx also requests that the court order defendant Skinner to adapt and adopt new training at all IDOC facilities on **(1)** how supervisors handle grievance procedures; **(2)** revise the current grievance process, procedure, and ways to remedy within the IDOC and that all the employees within this title over grievances, be re-trained properly; **(3)** completely re-vamp the process the Iowa State Dietary team receives and processes religious requests and further train these person(s) on adequate, and properly assessing and implementing those diets; **(4)** institute more training on understanding constitutional rights of inmates those protections for exercising those rights and reassessment of employee training on matters such as these.

65. Marx requests Declaratory Relief in that this Court declare the Iowa Department of Corrections adopt a new Grievance procedure to ensure matters as such with the plaintiff and all inmates within the IDOC as to ensure the grievance process is successful not operating as a dead end for relief. And this court assesses all costs of this litigation to the defendants.

## VIII. JURY DEMAND

**COMES NOW,** the plaintiff, Xavier M. Marx, who hereby demands a trial by jury on all allowable issues raised in this complaint.

## IX. VERIFICATION

I, Xavier M. Marx, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. 28 U.S.C. §1746.

_____
Xavier M. Marx
P.O. Box 218
Newton, Iowa 50208-0218

_____October 3rd, 2024_____
Date



Xavier Mischief Marx #6878737
307 S. 60th Ave W. – PO Box 218
Newton, IA 50208-0218



US POSTAGE
ZIP 50208
02 4W   $002.31
0000386156 OCT 04 2024

*X-RAYED & CLEARED BY U.S.M.S.

Clerk - United States District Court
U.S. Court House
PO Box 9344
Des Moines, IA 50306-9344